UNITED STATES v. ONE 1940 OLDSMO-
BILE SEDAN AUTOMOBILE, MOTOR
No. G–96106.
No. 9242.

Circuit Court of Appeals, Seventh Circuit.
April 20, 1948.

Otto Kerner, Jr., U. S. Atty., and Maurice C. Handelman and John Peter Lulinski, Asst. U. S. Attys., all of Chicago, Ill., for appellant.

No appearance for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

By this action the United States of America sought the forfeiture of the respondent, Oldsmobile Sedan, for violation of the Internal Revenue laws dealing with distilled spirits. The complaint was filed on April 2, 1946. On the same day, a monition issued under the seal of the court to the United States Marshal, by virtue of which he attached the Oldsmobile, and gave due notice of such seizure by publication and by notice to its owner, Richard Coleman, all as prescribed by the statute.

On April 5, 1946, the Grand Jury returned a "No Bill" against the claimant, Coleman, and written notice of that fact under the foreman's signature was filed with the Clerk of the District Court on the same date.

After April 5 and before May 16, 1946, Coleman requested return of his Oldsmobile from the Assistant United States Attorney having charge of the forfeiture proceedings. He suggested to Coleman that he should consult an attorney and procure his advice with respect to the return of the Oldsmobile, and that if he did not choose to do so, the District Attorney would procure the entry of a default decree. On May 16, 1946, the District Court entered its order of default and directed forfeiture of the Sedan to the United States of America, under which the Marshal executed the order and delivered the Sedan to the Alcohol Tax Unit. On June 24, 1946, Coleman's counsel discussed the default decree with the District Attorney who advised him that his proper procedure would be to file a motion to vacate the decree of default, setting forth

whatever grounds he deemed appropriate. Neither Coleman nor his attorney did anything further until July 22, 1946, when Coleman filed his motion to vacate the default decree, more than 60 days after the decree was entered.

Coleman's motion to vacate the decree was predicated upon his assertion that proper officials of the United States of America had determined in point of fact that the Internal Revenue taxes had been paid on the distilled spirits found in his possession, although he did not state when or how such taxes had been paid, and that because of this determination, the Grand Jury returned a "No Bill." He further alleged in his motion that on May 25, 1946, he was advised by the District Attorney's office that criminal proceedings against him had been dropped.

The Government filed a motion to dismiss Coleman's motion on the grounds that he had failed to state any grounds upon which relief could be granted to him, and that he did not file his motion to vacate the decree within the time provided by law for the filing of such motion, hence the court lacked jurisdiction. Coleman's motion to vacate the decree was heard on September 10, 1946, and his counsel there admitted that proper notice and publication required by law in forfeitures had been had. Coleman alleged that the default decree should be vacated because a constructive fraud had been perpetrated by the plaintiff on the court. This alleged fraud was said to be on the theory that the Criminal Division of the United States Attorney's office had knowledge and information to the effect that Coleman committed no violation of the Internal Revenue laws, because the grand jury had returned a "No Bill" as to him, and that if in point of fact there was no criminal liability, the libel should not have been prosecuted. For this reason Coleman and his attorney urged that the sixty day rule relied upon by the Government did not apply.

The motion to vacate the decree came on for hearing on September 10, 1946. Several rather bitter colloquies were had between the court and counsel on succeeding days. The court issued and later dismissed a rule against the District Attorney to show cause, as for contempt, and on November 15, 1946, entered its findings of fact and conclusions of law. It found that the four and one-half gallon can of distilled spirits found in Coleman's automobile did not have affixed to it the strip stamp required by Section 2803 of the Internal Revenue Code, 26 U.S.C.A.Int. Rev.Code, § 2803, and that such stamp only cost one cent. The court concluded as a matter of law that it did not believe that it was incumbent upon the court to impose a forfeiture for every violation, no matter how trivial and regardless of circumstances, and that in the instant case, to impose a forfeiture for failure to affix a one cent stamp to the can of illicit alcohol imposed a penalty that was excessive and disproportionate to the offense, and for that reason the Government's action for forfeiture should be denied. The court then dismissed the Government's libel. The plaintiff excepted to the court's conclusions of law, and from that decree of dismissal this appeal is prosecuted.

We are here materially concerned only with the forfeiture statutes, 26 U.S.C.A. Int.Rev.Code, §§ 2803 and 3116, which relate to distilled spirits. This action is against the impersonal automobile alone, and its alleged owner, Coleman, is not a party to it. The auto was charged in this civil action with having been the means of illegally transporting a quantity of distilled spirits upon which no internal revenue taxes had been paid. True, the owner of the spirits or the automobile might have legally secured a one cent revenue stamp and placed it upon the receptacle, as provided by the statute, which would have indicated full payment of all internal revenue taxes due, but this was not done. Much is said about the insignificant value of one cent, as compared to the severity of the forfeiture. However, neither the owner of the spirits nor the automobile could have rightfully secured or used the one cent stamp without having paid all the internal revenue taxes due thereon. Hence, it is manifestly unfair to say that the amount here involved is trivial. In any event Congress did not think it was trivial, and we are bound by their enactment. We think the District Court was without discretion to decide otherwise.

It was not contended in the District Court, that Rule 60 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is here applicable, and the respondent is not appearing here, nor is anyone in its behalf. See C. J. Hendry Co. v. Moore, 318 U.S. 133, 63 S.Ct. 499, 87 L.Ed. 663; Reynal v. United States, 5 Cir., 153 F.2d 929. It is clear from this record that the decree of forfeiture was not entered through any mistake, inadvertence, surprise or excusable neg' ct of the defendant or anyone materially interested therein. Due and legal notice was given, and no motion by respondent or any one in its behalf was filed until more than six months had elapsed after the decree of forfeiture was entered.

 The District Court said that the District Attorney imposed upon the court by failing to advise it of the entry of the "No Bill" by the Grand Jury and that such imposition constituted fraud upon the court. We do not agree with this conclusion. That report did not amount to a finding by the Grand Jury that Coleman had not committed an offense in relation to this transacton, nor did it say that he had. This would not bar the District Attorney from again presenting further evidence to the Grand Jury on this same transaction. The report of "No Bill" by the Grand Jury was made in writing and entered in the clerk's office of the District Court. This would not prevent the District Attorney from subsequently presenting further evidence if he so desired, and such record in the clerk's office was as available to the court as it was to the District Attorney. The record does not show why such a report was made, and it is not necessary that we should know. It is barely possible that the jury might have thought that the loss of Coleman's automobile might be sufficient punishment without inflicting upon him either a fine or imprisonment. We feel certain that the District Attorney was not guilty of contempt of court for failing to supply this information to the court.

There is quite a large discretion vested in the District Attorney to resubmit a presentment to the Grand Jury, or to subsequent grand juries, and this is not subject to the control of the District Court. United States v. Thompson, 251 U.S. 407, 40 S.Ct. 289, 64 L.Ed. 333; Deutsch v. Aderhold, 5 Cir., 80 F.2d 677; Application of Texas Co. et al., D.C., 27 F.Supp. 847.

We think the court erred in setting aside the forfeiture and in dismissing the libel and in ordering the automobile herein referred to turned over to the possession of Richard Coleman.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

MAJOR, Circuit Judge (concurring in result).

I concur in the result. However, I would reverse solely on the basis that the court was without jurisdiction to entertain the motion to vacate the forfeiture decree. Anything stated in the opinion beyond that, it seems to me, is unnecessary, and some of the statements I think are of doubtful propriety.