**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dennis Roy CHOATE,
Defendant-Appellant.**

No. 79–1505.

United States Court of Appeals,
Ninth Circuit.

April 21, 1980.

Rehearing Denied June 3, 1980.

Richard G. Sherman, Los Angeles, Cal., for defendant-appellant.

Thomas J. Nolan, Asst. U. S. Atty., Los Angeles, Cal., on brief; Andrea Sheridan Ordin, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL and ALARCON, Circuit Judges, and TEMPLAR,* District Judge.

* Honorable George Templar, Senior United States District Judge for the District of Kansas, sitting by designation.

PER CURIAM.

This is the third appeal to this court involving a two-count indictment in which defendant-appellant was charged in each count with income tax evasion. Twice, motions of defendant to dismiss were sustained by the trial court and in each instance, the dismissals were reversed. (*United States v. Choate*, 527 F.2d 748 (9th Cir. 1975) (*I*), and *United States v. Choate*, 576 F.2d 165 (9th Cir. 1978) (*II*). On remand, defendant moved to dismiss the indictment, claiming impermissibly discriminatory law enforcement and error by the trial court in refusing to suppress evidence resulting from the use of a "mail cover" obtained by an application which allegedly contained intentional false statements, thus violating applicable postal regulations. The motion to dismiss was overruled. A jury having been waived, the case was submitted to the court on stipulations. Defendant offered no evidence and was found guilty by the court. A motion for a new trial was denied and the defendant was sentenced. This appeal followed.

### THE MAIL COVER ISSUE

Defendant seeks to have this court reconsider its decision in *United States v. Choate*, 576 F.2d 165. The elaborate opinion in that case discloses that this court considered at length and in detail the contention advanced by defendant that the use of the mail cover in this case was in violation of Postal Regulations; that the use of the mail cover allegedly obtained violated his constitutional rights under the First, Fourth and Ninth Amendments. A repetition of the court's holdings on these issues would add nothing to the body of the law on the subject of mail covers so ably considered in the earlier appeal (*Choate II*).

■ The defendant now urges us to determine that the trial court should have suppressed the evidence resulting from the mail cover because the agent made intentionally false statements to the postal authorities in his request for the cover. Defendant contends that when his latest motion to suppress was presented he should have been afforded a hearing to establish the intentional falsity of the statements contained in the application of the agent for a mail cover and a determination that evidence developed through information obtained by the mail cover should have been suppressed. Basically, defendant insists that he is entitled to the protection of regulations promulgated by the Postal Department[1] and that when violated by an agent of the government, any information obtained must be suppressed. But this contention is contrary to the holding in *United States v. Choate (II)*, where it was decided that no constitutional inhibition was involved in the use of a mail cover in this instance.

The court below in denying defendant's motion ruled that the exclusionary rule did not apply in this case, relying on *Choate (II)* and *United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979). We believe the trial court correctly applied the law announced in the majority opinion in *Choate (II)* and in *United States v. Caceres*, supra.

Here, none of defendant's constitutional rights were violated. Cf. *Smith v. Maryland*, 441 U.S. 238, 99 S.Ct. 1682, 60 L.Ed.2d 177.

Defendant contends that the alleged falsity of the request for mail cover made on July 19, 1972, by Customs Agent Williams violated postal regulations and required

---

1. 39 C.F.R. § 233.2(e)(1)(ii) (1975). A parallel provision gives the Chief Postal Inspector the added authority to order mail covers when necessary to protect the national security:

> (2) The Chief Postal Inspector, or his designee, may order mail covers under the following circumstances:
> (i) When he has reason to believe the subject or subjects of the mail cover are engaged in any activity violative of any postal statute.

> (ii) When written request is received from any law enforcement agency wherein the requesting authority stipulates and specifies the reasonable grounds that exist which demonstrate the mail cover is necessary to (A) protect the national security, (B) locate a fugitive, or (C) obtain information regarding the commission or attempted commission of a crime.
> 39 C.F.R. § 233.2(d)(2) (1975).

suppression of evidence obtained by virtue of its use. Even if it be established that the request contained false statements, suppression of the evidence obtained would not be required.

■ Where violation of an agency regulation does not raise a constitutional question and defendant "cannot reasonably contend that he relied on the regulation, or that its breach had any effect on his conduct," he may not in a criminal prosecution "seek judicial enforcement of the agency regulation by means of the exclusionary rule." This was the reasoning in *Caceres* and it was correctly followed by the court below in this case. No hearing was required under such circumstances.

### NO DISCRIMINATORY LAW ENFORCEMENT

Defendant argues that the trial judge should have ordered an evidentiary hearing on the issue of discriminatory law enforcement because the Internal Revenue Service violated its policy of not prosecuting persons who voluntarily disclose and rectify false statements in their tax returns. Defendant's argument is based on a misunderstanding of the current Revenue Service policy.

In January 1972, three weeks before I.R.S. began its investigation of Choate, the treasury department changed its voluntary disclosure policy. In announcing the change, the Department of Justice Manual for Criminal Tax Trials, Chapter 1, page 5, reads:

"It is therefore no longer an administrative basis for declining prosecution in the Revenue Service that a prospective defendant voluntarily revealed his tax fraud to an appropriate official of that Service before any investigation of his affairs had begun. Now the fact that a taxpayer seeks voluntarily to rectify a false return is given some weight but is not conclusive of the issue."

Because there was no longer a policy affording immunity for voluntary disclosure, the defendant's argument that I.R.S. failed to follow its own administrative policies in

prosecuting him fails. Cf. *Sullivan v. United States*, 348 U.S. 170, 75 S.Ct. 182, 99 L.Ed. 210 (1954).

■ To prove discriminatory prosecution, one must establish that the selection of a suspect was deliberately based on an unjustifiable standard, such as race, religion, or other arbitrary classification. *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446 (1962). This rule has been enlarged upon by the Ninth Circuit. "[The defendant] must show that his selection was based on an impermissible ground such as race, religion or exercise of his first amendment right to free speech [citations omitted]." *United States v. Scott*, 521 F.2d 1188, 1195 (1975), *cert. denied*, 424 U.S. 955, 96 S.Ct. 1431, 47 L.Ed.2d 361 (1976).

■ The appeal of the defendant does not present a claim that his prosecution was based on his exercise of a first amendment right, nor does he assert that the prosecution was instituted because of his race or religion. Instead he claims he was prosecuted because he was suspected of another offense which the attorneys for the government felt they could not prove at the time.

Under these circumstances, there is no discriminatory prosecution and no denial of Equal Protection of the law. As was so well stated in *United States v. Manno*, 118 F.Supp. 511 (N.D.Ill.1954):

[C]itizens are entitled to equal protection of the law but these decisions do not hold that citizens are entitled to equal protection *from* the laws. The fact that not all criminals are prosecuted is no valid defense to the one prosecuted . . . [T]he administration of such a matter lies in the discretion of the prosecuting attorney.

*Id.* at 515

It is not irrational in a world where resources do not permit prosecution of every suspected criminal that the government would give high priority to prosecuting those who, in addition to being suspected of tax evasion, were also suspected of other serious offenses. Such a standard operates to reduce crime more effectively than a policy based on random enforcement.

**24**

Because the defendant has not set forth a cognizable claim of discriminatory law enforcement, the trial court did not err in denying the evidentiary hearing on the claim.

AFFIRMED.