**James T. EDGAR, Petitioner,**

v.

**Myrna TRICKEY, Respondent.**

**No. 88–0442–CV–W–8–JWO–P.**

United States District Court,
W.D. Missouri, W.D.

March 22, 1989.

James T. Edgar, Pacific, Mo., pro se.

Patrick King, Missouri Atty. Gen., Jeff City, Mo., for respondent.

## MEMORANDUM AND ORDER DENYING PETITION FOR HABEAS CORPUS

JOHN W. OLIVER, Senior District Judge.

### I

This State prisoner habeas corpus case pends in this division of the Court after transfer by the Honorable Joseph E. Stevens, Jr. The order to show cause entered by Judge Stevens stated that the "petitioner challenges his 1985 conviction and sentence for forcible rape in the Circuit Court of Jackson County, Missouri. Petitioner raises four grounds for relief:

(1) he was denied effective assistance of counsel in that trial counsel apparently failed to object to the prejudicial testimony of a polygraphist employed by the Kansas City, Missouri Police Department; (2) the trial court denied petitioner equal protection and due process by failing to make findings of fact and conclusions of law in ruling on petitioner's motion for post-conviction relief pursuant to Missouri Supreme Court Rule 27.26; (3) petitioner was denied equal protection in that another man, Rodney Sayles, was never charged for the alleged rape even though Sayles was implicated by the alleged victim throughout petitioner's state court proceedings; and (4) the trial court denied petitioner equal protection by not applying controlling law to petitioner's claim of ineffective assistance of counsel in his Rule 27.26 proceedings."

An additional order was entered at the same time the order to show cause was issued which stated that "Grounds 2 and 4 are severed and dismissed for failure to state claims for federal habeas corpus relief."[1]

Ground 1 was considered and found to be without merit by Missouri Court of Appeals, Western District, on direct appeal in *State v. Edgar*, 710 S.W.2d 2 (Mo.App. 1986). Ground 3 was considered and found to be without merit by the same court on Rule 27.26 appeal in an unpublished opinion. *See* Respondent's Exh. J.

We find that the Missouri Court of Appeals reliably found the facts in regard to both grounds. We conclude that the State court also appropriately articulated and ap-

---

1. In support of that order, it was explained that "Grounds 2 and 4 will be severed and dismissed for failure to state claims of a constitutional dimension. *See* 28 U.S.C. § 2254(a). Such claims are not cognizable in a federal habeas corpus proceeding in that they concern infirmi-ties in petitioner's Rule 27.26 proceedings. *Mitchell v. Wyrick,* 727 F.2d 773, 774 (8th Cir. 1984); *Williams v. Missouri,* 640 F.2d 140, 143 (8th Cir.), *cert. denied,* 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981)."

plied the controlling federal standards in determining that both grounds were without merit. Accordingly, the petition for federal habeas corpus will be denied on the merits.[2]

## II

### A.

There is a substantial question as to whether the claim alleged as petitioner's ground 1 may properly be considered as a ground for federal habeas corpus relief absent a claim that circumstances existed that could be said to establish a denial of due process. *See* part II–E of *Tatum v. Armontrout*, 669 F.Supp. 1496, 1501 (W.D. Mo.1987). The merits of that claim, however, were considered by the Missouri Court of Appeals on direct appeal and we shall also do so.[3]

■ On direct appeal the Missouri Court of Appeals reliably found that defense counsel had developed on his cross-examination of the victim that she lied to the police when she "initially told the police Edgar and his friends forced their way into her home when in fact she knew him from work and voluntarily let him into her home." 710 S.W.2d at 4. Defense counsel also developed on his cross-examination of the victim that she made a number of other inconsistent statements in regard to whether she had been subjected to anal intercourse and in regard to the number of times she had said she had been raped. *Id.*

The transcript of trial establishes that prior to trial defense counsel had obtained a copy of a report of Lester Duke, a polygraphist employed by the Kansas City Police Department dated February 27, 1984 in which he stated that the victim had told him the following:

During the pre-test she stated that both the suspects had trouble getting an erection and she was not sure if either of them ever did get an erection or not. Later she asked this examiner what did erection mean, when explained she said well, James [Edgar] did get an erection and the other one did, too, but James [Edgar] was the only one that had sex with me.

Resp's Exh. B at 1.

It was obviously in the petitioner's interest that still another inconsistent statement of the victim be called to the jury's attention.[4] When defense counsel sought to introduce Duke's report in evidence he argued that "[h]er statement here is totally inconsistent with the statement made to Mr. Duke. It's totally inconsistent to her present testimony. That statement is embodied in a one-page document dated 2–27–84. The defendant does not intend to allude to any polygraph test." Resp's Exh. A at 65–66.

When the trial court indicated that the report itself was not admissible in evidence, defense counsel stated that Duke should be called as a witness so that "I could put him on and simply ask, 'Did you have a chance to interview the victim in this case?' And he would say, 'Yes.' And I would ask him did she make the statement, and I still would not mention that it was in the context of a polygraph exam." *Id.* at 66.

Although defense counsel subpoenaed Duke as a defense witness in order to be certain that Duke would be present at the trial, the State called Duke as a prosecution witness. Tr. 102. The Missouri Court of Appeals reliably found that Duke "testified

---

2. We reject the Attorney General's argument based on *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and the progeny of that case that we should not consider the merits of the ground 3 claim. For the Missouri Court of Appeals considered the merits of that claim and did not make the "plain statement" presently required by *Harris v. Reed*, —— U.S. ——, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

3. The ground 1 claim was also presented to the Rule 27.26 trial court. Indeed, ground 1 as

alleged in petitioner's federal petition is a paraphrase of the allegations made by petitioner's appointed Rule 27.26 counsel in a motion to set aside the Rule 27.26 trial court's findings of fact and conclusions of law. *See* Respondent's Exh. G at 45 and 46.

4. On direct examination, the victim testified that both the petitioner and Rodney Sayles "took turns having intercourse with her." Tr. 29 and 44.

without objection about the events in question based on statements made to him by the victim." The trial transcript establishes that Duke's entire testimony was reported on only two pages of the transcript (*id.* 102–04) and that on both direct and cross-examination he corroborated the fact that the victim had indeed made the statements to him that he had set forth in his February 27, 1984 report.

The Missouri Court of Appeals rejected petitioner's ineffective assistance claim as follows:

> This point states Mr. Duke gave a polygraph examination to J.C., and although the jury knew nothing about the polygraph test, "it could have been assumed or presumed by the jury that said witness was a polygraphist and that statements of the victim to which he testified would have been assumed to be true by the jury." This point is totally without factual foundation or merit. No error, plain or otherwise, can be found.

710 S.W.2d at 5.

We agree with the Missouri Court of Appeals and find and conclude that petitioner's ground 1 claim is without merit.

### B.

■ The Missouri Court of Appeals, sitting as the Rule 27.26 appellate court, noted that petitioner argued on his Rule 27.26 appeal that the Rule 27.26 "hearing court clearly erred in denying his claims of ineffective assistance of counsel and deprivation of his constitutional rights to equal protection and due process." Resp's Exh. J at 2. That court stated that petitioner contended in regard to his ineffective assistance claim that "the hearing court clearly erred by making inadequate findings of fact and conclusions of law, applying the improper standard, and denying his claims of ineffective assistance of counsel." *Id.*

The Rule 27.26 appellate court appropriately noted that "the hearing court [had

made] reference to *Coney v. State,* 491 S.W.2d 501 (Mo.1973), in which inadequacy of counsel was determined under a 'farce and mockery of justice' standard." *Id.* at 3. That court, however, properly concluded that in spite of that obvious error, "the hearing court cited and appropriately applied the 'deficiency-prejudice' standard enunciated in *Seales v. State,* 580 S.W.2d 733 (Mo. banc 1979) and later adopted in *Strickland v. Washington,* 466 U.S. 688 [668, 104 S.Ct. 2052, 80 L.Ed.2d 674] (1984)." *Id.*[5]

The Rule 26.26 appellate court properly refused to reach the merits of petitioner's claim in regard to Duke for the reason that:

> Appellant's claims regarding the testimony of Lester Duke are not cognizable in this appeal. In the direct appeal, *State v. Edgar,* 710 S.W.2d at 4–5, this court considered and denied appellant's allegations of plain error in the admission of the same testimony. A matter reviewed for plain error in a direct appeal and subsequently rejected cannot be relitigated in a Rule 27.26 motion.

Resp's Exh. J at 4.

We find and conclude that the Missouri Court of Appeals' determination of petitioner's ineffective assistance claim was consistent with the applicable federal constitutional standards.

### III

■ The Rule 27.26 appellate court properly recognized that petitioner contended in his point II on appeal that the failure of the State to charge Rodney Sayles with the rape deprived him of the equal protection of the law. It concluded that "Point II is denied." We are satisfied that the Missouri Court of Appeals' decision is also consistent with applicable federal constitutional law.

It is conceivable that the prosecuting attorney's refusal to charge Rodney Sayles with the rape may have been based on his

---

**5.** On pages 3 and 4 of its unpublished opinion the Missouri Court of Appeals articulated the applicable federal standard stated in *Strickland* and in *Seales* in an exemplary manner. Indeed, the summary of the principles stated in those cases could serve as a model for the Missouri Court of Appeals in future ineffective assistance cases.

recognition that the State would be faced in such a prosecution with the fact that the victim told Duke the petitioner was "the only one that actually had sex with her" (Tr. 102–03) and that "the other one [Rodney Sayles] did not have sex with her." Tr. 103. Regardless of the prosecuting attorney's reason, *United States v. Manno*, 118 F.Supp. 511, 515 (N.D.Ill.1954), properly pointed out that the "fact that not all criminals are prosecuted is no valid defense to the one prosecuted." That court accurately summarized the decisions of many cases by stating that "citizens are entitled to equal protection of the law but these decisions do not hold that citizens are entitled to equal protection *from* the laws." *Id.* (The court's emphasis).

We find and conclude that petitioner's equal protection claim alleged as ground 3 of his pending petition is untenable.

### IV

For the reasons stated, it is

ORDERED that the pending petition for habeas corpus should be and the same is hereby denied.