**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**ONE 1985 MERCEDES, Defendant,**

**and**

**Kenneth Robert Glenn,**
**Intervenor–Appellant.**

**No. 88–2490.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 16, 1989.*

Decided Oct. 25, 1990.

⚫═5

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Bernard L. Segal, San Francisco, Cal., for intervenor-appellant.

Robert L. Dondero, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before GOODWIN, Chief Judge, PREGERSON and REINHARDT, Circuit Judges.

PREGERSON, Circuit Judge:

The district court granted summary judgment for the government in a civil forfeiture action against Robert Kenneth Glenn's Mercedes automobile. We conclude that the district court did not err by denying Glenn discovery concerning the government's civil forfeiture policies. We therefore affirm the grant of summary judgment in favor of the government.

## I. BACKGROUND

Kenneth Robert Glenn was arrested in April 1986 by FBI agents as he exited his Mercedes.[1] The agents searched Glenn and found a small quantity of cocaine, worth about $75.00, in his wallet. The agents seized the Mercedes for forfeiture pursuant to 21 U.S.C. § 881(a)(4) and 49 U.S.C.App. § 782.

In July 1986, the government filed a civil complaint in the United States District Court for the Northern District of California seeking forfeiture of Glenn's Mercedes, which was worth about $45,000. In separate criminal proceedings, Glenn was tried and convicted in Rhode Island for the charges that led to the warrant for his arrest.[2] In September 1987, the United

---

1. Glenn was arrested pursuant to a bench warrant issued by the United States District Court in Rhode Island for charges that he had conspired to import and distribute marijuana and hashish.

2. It is not clear from the record before us whether Glenn was ever formally charged for

cocaine possession, the basis for the government's forfeiture claim. The indictment included by the government in its excerpt of record refers to the charges of conspiracy to import and distribute marijuana and hashish, not to a charge of cocaine possession.

States Court of Appeals for the First Circuit overturned Glenn's conviction and ordered the indictment against him dismissed with prejudice. *See United States v. Glenn*, 828 F.2d 855 (1st Cir.1987). The government pursued the forfeiture against Glenn's Mercedes despite the dismissal.

Immediately following the dismissal of his criminal charge, Glenn served a set of interrogatories on the government in the forfeiture action. The interrogatories sought information concerning policies that various federal law enforcement agencies had formulated to guide their forfeiture determinations. Specifically Glenn requested information concerning (1) policies governing the initial seizure of vehicles for forfeiture, (2) policies regarding the disposition of forfeited property, (3) how the forfeiture policy in the Northern District of California was actually administered for a two year period, and (4) policies that outline the circumstances requiring the return to owner-claimants of property seized for forfeiture.

Glenn sought this information to establish statutory and constitutional violations by the government in its pursuit of the forfeiture action against his Mercedes. If policies governing the pursuit of forfeiture actions involving personal use quantities of drugs did exist in federal enforcement agencies but were not followed in his case, Glenn contends he would have been able to present evidence that the forfeiture statute was applied in violation of the Administrative Procedure Act (APA). 5 U.S.C. § 706(2)(A). Conversely, if the discovery had revealed that no such forfeiture policies existed, Glenn contends he would have been able to present evidence that the forfeiture statute was administered in an arbitrary and capricious manner, also a violation of the APA. Underlying all these contentions is Glenn's position that the government vindictively prosecuted the forfeiture action against him to retaliate for the First Circuit's dismissal of the drug conspiracy indictment.

Glenn states that the government failed to respond or object to his interrogatories despite the fact that he sought to obtain voluntary compliance with his discovery requests on numerous occasions. The government finally wrote to Glenn on January 11, 1988, and stated that its file did not contain the interrogatories. At that point, the government requested another copy. The government received a new copy of the interrogatories on January 14. The government did not respond to the discovery request, but instead filed a motion for summary judgment.

■ On March 17, 1988, Glenn filed a motion to compel discovery pursuant to Fed.R.Civ.P. 37(a) and an opposition to the government's motion for summary judgment. In his opposition, Glenn sought a continuance, pursuant to Fed.R.Civ.P. 56(f), until the government complied with this discovery request. The district court denied Glenn's motion, and granted summary judgment in favor of the government at an April 11, 1988 hearing. We review de novo the district court's grant of summary judgment, *United States v. $5,644,540.00 in U.S. Currency*, 799 F.2d 1357, 1361 (9th Cir.1986), but review a denial of a request to conduct further discovery for abuse of discretion. *Id.*

## II. DISCUSSION

### A. Glenn's Rule 56(f) Motion

"A Rule 56(f) motion must show how additional discovery would preclude summary judgment and why a party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact." *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir.1989).

The district court ruled that Glenn failed to show that the discovery he sought would lead to material evidence because his counsel could not cite authority for the proposition that Glenn had, in the court's words, a "constitutional right to have the government act consistently in the exercises of prosecutorial discretion." Hearing on Plaintiff's Summary Judgment Motion, No. C 86–3706 (N.D.Cal. April 1, 1988). As we explain below, by framing the issue of the propriety of the government's action in criminal terms of "prosecutorial discre-

tion," the court overlooked the civil statutory protection of the APA and the requirement that government agencies not act arbitrarily and capriciously in the implementation of federal laws and policies. 5 U.S.C. § 706(2)(A). Nonetheless, because Glenn failed to establish that the policies he sought to discover had the force and effect of law, the district court did not abuse its discretion in denying discovery on the APA statutory claims.

### B. The Mixed Nature of Civil Forfeiture Proceedings

■ Civil forfeiture actions constitute a hybrid procedure of mixed civil and criminal law elements. Sometimes referred to as "quasi-criminal" actions, civil forfeitures are *in rem* proceedings in which the "guilt" at issue is the "guilt" of the property seized. *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 700, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170 (1965) ("[A] forfeiture proceeding is quasi-criminal in character. Its object, like a criminal proceeding, is to penalize for the commission of an offense against the law."). *See also* Discussion of Comments, Final Rule Concerning Expedited Forfeiture Proceedings for Certain Property, 54 Fed.Reg. 37605, 37606 (1989) (to be codified at 21 C.F.R. §§ 1316.90–1316.99).

■ In drug-related forfeitures, the "guilt" issue to be determined is whether the seized property is connected with illicit drug activity. The owner-claimant is neither defendant nor plaintiff, but an intervenor who seeks to defend his or her right to the property against the government's claim. Indeed, the guilt or innocence of the owner-claimant is largely irrelevant. *See Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 683, 94 S.Ct. 2080, 2092, 40 L.Ed.2d 452 (1974). The owner-claimant thus stands in an essentially civil litigation position in the civil forfeiture proceeding. *See United States v. Santoro,* 866 F.2d 1538, 1543–44 (4th Cir.1989) (forfeiture statute 21 U.S.C. § 881 is a civil, not a criminal, provision).

■ Because of the use of civil forfeiture statutes to aid in the enforcement of criminal laws, *see Calero–Toledo,* 416 U.S. at 686–87, 94 S.Ct. at 2093–94, courts have developed limited constitutional criminal law protections for owner-claimants. *One 1958 Plymouth Sedan,* 380 U.S. at 702, 85 S.Ct. at 1251 (extending the protection of the Fourth Amendment exclusionary rule to civil forfeitures); *Boyd v. United States,* 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886) (applying Fifth Amendment protection against self-incrimination to civil forfeiture proceedings). But many traditional criminal law guarantees do not protect civil forfeiture owner-claimants. Forfeiture statutes are "civil" for the purposes of the double jeopardy clause, *One Lot Emerald Cut Stones & One Ring v. United States,* 409 U.S. 232, 235–36, 93 S.Ct. 489, 492, 34 L.Ed.2d 438 (1972) (per curiam), forfeiture statutes are "not criminal enough" to prevent the claimant from carrying the burden of proof, *United States v. One 1970 Pontiac GTO, 2–Door Hardtop,* 529 F.2d 65, 66 (9th Cir.1976), and the Federal Rules of Criminal Procedure do not, by their express terms, apply to civil forfeitures. Fed.R. Crim.P. 54(b)(5).

■ Defenses to a forfeiture action are similarly limited, and stand in stark contrast to those available to a criminal defendant. The government need only show probable cause that the property seized was used or intended for use in violation of federal drug laws. *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 447 (9th Cir.1983), *cert. denied,* 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984). The burden of proof then shifts to the defendant (a shift strictly prohibited in criminal proceedings) to show that no probable cause existed, either because no violation of the drug laws was involved, or because the vehicle was not used for the purpose alleged. At that point, "[w]hen an owner of a vessel introduces no evidence to prove that the vessel was not used for an illegal purpose, the government may obtain forfeiture solely upon the basis of its showing of probable cause." *United States v. One 56–Foot Motor Yacht Named the Tahuna,* 702 F.2d 1276, 1287 (9th Cir.1983).

■ Additionally, by contrast with the constitutional requirements applicable to most traditional civil cases, in a civil forfeiture proceeding, due process does not require an immediate post-deprivation hearing, at least where judicial review of the forfeiture is available within a reasonable time. *United States v. One 1971 BMW 4–Door Sedan*, 652 F.2d 817, 820–21 (9th Cir.1981). Civil due process in forfeiture cases requires little more than forfeiture proceedings be commenced without unreasonable delay. *Id.*

This "comparative absence of procedural safeguards in forfeiture actions has attracted increasingly critical attention" in recent years as government officials have stepped up the use of forfeiture as a means of curbing drug trafficking and the use of narcotics. Note, *Constitutional Rights and Civil Forfeiture Actions*, 88 Colum.L. Rev. 390, 391 (1988). While "[w]e are not unsympathetic to the government's strong desire to eradicate drug trafficking ... [and] recognize that illegal drugs pose a tremendous threat to the integrity of our system of government," we note along with the Eleventh Circuit that denial of individual rights by arbitrary and capricious government conduct also poses a threat to our government's integrity. *United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1548–49 (11th Cir. 1987).

We must, therefore, clearly distinguish between the criminal and civil aspects of civil forfeiture actions in order to ensure that individual owner-claimants' rights are respected. Viewed in this manner, Glenn's position that the government improperly pursued the forfeiture of his automobile breaks down into two separate arguments. First, there is the argument that the government vindictively pursued the forfeiture action against his Mercedes because the criminal case against him was dismissed by the First Circuit. This argument relates to the criminal aspect of the forfeiture proceeding. Second, there is the argument that the government acted arbitrarily and capriciously in its decision to pursue the forfeiture action against Glenn's Mercedes. This argument relates to the civil aspect of forfeiture proceedings.

### C. Vindictive Prosecution

Glenn raises constitutional challenges to government conduct in his case in the context of a vindictive prosecution claim. His argument, that the government's pursuit of the forfeiture of his car may have violated his due process, equal protection, and Eighth Amendment rights, is distinct from his statutorily based APA argument that the government acted arbitrarily and capriciously.

■ "To succeed on a claim of selective prosecution, the defendant has a two-part burden. He must establish both 'that others similarly situated have not been prosecuted and that the allegedly discriminatory prosecution ... was based on an impermissible motive.'" *United States v. Greene*, 698 F.2d 1364, 1368 (9th Cir.1983) (quoting *United States v. Ness*, 652 F.2d 890, 892 (9th Cir.), *cert. denied*, 454 U.S. 1126, 102 S.Ct. 976, 71 L.Ed.2d 113 (1981)). Vindictive prosecution claims may raise due process questions, *see United States v. Goodwin*, 457 U.S. 368, 372, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74 (1982) ("To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort."), equal protection issues, *see United States v. Choate*, 619 F.2d 21, 23 (9th Cir.), *cert. denied*, 449 U.S. 951, 101 S.Ct. 354, 66 L.Ed.2d 214 (1980) (where a criminal defendant can establish that his selection was deliberately based on an unjustifiable standard, such as race, religion, or other arbitrary classification), or, in the strange world of forfeitures, Eighth Amendment issues. *See* Note, *Shouldn't the Punishment Fit the Crime?: United States v. One 1986 Mercedes Benz, and $2,710.00 in United States Currency, and Cynthia Parker*, 55 Brooklyn L.Rev. 417 (1989). *But see United States v. Tax Lot 1500*, 861 F.2d 232 (9th Cir.1988) (finding the proportionality requirement of the Eighth Amendment inapplicable to an *in rem* civil forfeiture proceeding), *cert. denied*, —— U.S. ——, 110 S.Ct. 364, 107 L.Ed.2d 351 (1989).

In limited circumstances, individuals have the right to pursue discovery against the government to support claims of vindictive prosecution. "The broad discretion accorded prosecutors in deciding whom to prosecute is not 'unfettered,' and a decision to prosecute may not be deliberately based upon the exercise of protected statutory rights." *United States v. Adams*, 870 F.2d 1140, 1145 (6th Cir.1989). Thus, a criminal defendant may be entitled to discovery if he or she establishes a prima facie showing of a likelihood of vindictiveness by some evidence tending to show the essential elements of the defense. *Id.* at 1146.

The exercise of rights against the government (in Glenn's case his right to appeal which resulted in the dismissal of his criminal charge), however, does not give anyone a license to break the law and insist that any ensuing prosecution be quashed as retaliatory. *Id.* at 1145. "The fact that not all criminals are prosecuted is no valid defense to the one prosecuted.... [T]he administration of such a matter lies in the discretion of the prosecuting attorney." *Choate*, 619 F.2d at 23 (quoting *United States v. Manno*, 118 F.Supp. 511, 515 (N.D.Ill.1954)).

Glenn failed to produce evidence of improper government motivation sufficient to justify discovery in light of the presumption of prosecutorial propriety and the two-prong requirement of a vindictive prosecution claim. Thus to the extent that Glenn challenges the government's exercise of discretion in the criminal aspect of his civil forfeiture, he may not succeed in his discovery request.

Glenn's argument, however, that the government vindictively prosecuted the forfeiture action against his Mercedes is distinct from his argument that the government acted arbitrarily and capriciously in violation of the APA in pursuing the forfeiture. His statutory APA claim is concerned with the civil, not the criminal, aspect of forfeitures. Thus, his failure to gain discovery of government policies that might be relevant to the vindictive prosecution aspect of his claim does not necessarily preclude discovery of information relevant to his statutory APA claims.

## D. Arbitrary or Capricious Government Action

An individual's challenge to the government's exercise of discretion in the context of civil administrative action is not as narrowly circumscribed as a challenge to the government's exercise of prosecutorial discretion in the context of criminal proceedings. A selective prosecution challenge by a criminal defendant questions the propriety of a particular government decision to prosecute. As already stated, "[t]he fact that not all criminals are prosecuted is no valid defense to the one prosecuted." *Manno*, 118 F.Supp. at 515. Because of the broad presumption of prosecutorial discretion, discovery into particular facts of an individual prosecution is not often relevant to raising genuine issues of material fact in a selective prosecution claim.

But a civil administrative challenge to the propriety of government agency conduct questions the fairness and consistency of discretion in the implementation of general government policy. Agency policy must be implemented and rules enforced consistently and predictably. *Morton v. Ruiz*, 415 U.S. 199, 232, 94 S.Ct. 1055, 1073, 39 L.Ed.2d 270 (1974). Discovery of information concerning the general parameters of government policy could be material to a statutory claim of arbitrary and capricious government conduct.

The Administrative Procedure Act allows a person who has been "adversely affected or aggrieved" by agency action to seek judicial review of that action if (1) review has not been precluded by statute, and (2) the agency action is not committed to agency discretion by law. 5 U.S.C. §§ 701(a)(1)–(2). *See Webster v. Doe*, 486 U.S. 592, 599, 108 S.Ct. 2047, 2051, 100 L.Ed.2d 632 (1988). In the case of civil forfeiture actions commenced by the government under 21 U.S.C. § 881, Congress has not passed legislation that precludes judicial review,

nor has it committed forfeiture decisions to Department of Justice discretion.[3]

 Civil forfeitures, then, as the product of administrative agency action, are subject to the requirements of the Administrative Procedure Act (APA). 5 U.S.C. § 706(2)(A)–(B) (1977). Where the government does not act in a consistent and predictable manner, it runs the risk of violating these statutory requirements and of having its action invalidated under these provisions.

 A court reviewing agency action "shall ... hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. 706(2)(A) (1977). In applying the arbitrary and capricious standard of review, the court must determine whether the agency examined the relevant data and articulated a satisfactory explanation for its action, "including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.,* 463 U.S. 29, 43, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443 (1983). "Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency." *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed.2d 136 (1971).

Glenn's Mercedes was seized in response to discovery of a personal use quantity of cocaine found on his person during a search incident to a lawful arrest. Though Glenn was arrested for charges of drug trafficking, those charges were not the basis for the forfeiture of his automobile. The forfeiture is predicated on the fact that a quantity of controlled substance was discovered on Glenn's person directly after he was observed driving his car. The car therefore "transported" the substance under the relevant forfeiture statutes,[4] potentially a valid basis for forfeiture under "zero tolerance" policies, despite the small quantity of substance found. *See United States v. One 1976 Porsche 911S,* 670 F.2d 810, 812 (9th Cir.1979).

Glenn admits the existence of the cocaine on his person at the time of his arrest. He does not question that the government has established probable cause to believe that the cocaine was "transported" under the relevant statutes. Neither does he question the validity of the initial seizure of his car under the forfeiture laws as they now stand.

He does challenge the government's *pursuit* of the forfeiture action against his

---

**3.** In *Webster,* the Supreme Court attempted to clarify the requirement that for a court to review agency action, the action must not be committed to agency discretion by law. 486 U.S. at 599–601, 108 S.Ct. at 2051. The Court explained the subsection containing this limitation, 5 U.S.C. § 701(a)(2), as applying "in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply,'" *Webster,* 486 U.S. at 599, 108 S.Ct. at 2051 (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 410, 91 S.Ct. 814, 820–21, 28 L.Ed.2d 136 (1971) (citing S.Rep. No. 752, 79th Cong., 1st Sess., 26 (1945))), or where "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Webster,* 486 U.S. at 600, 108 S.Ct. at 2052 (quoting *Heckler v. Chaney,* 470 U.S. 821, 830, 105 S.Ct. 1649, 1655, 84 L.Ed.2d 714 (1985).

*Webster* involved claims against the CIA and an asserted violation of the National Security Act by the Director of the CIA. The Court relied heavily on language in the act which stated that the Director "shall deem such [action] necessary or advisable in the interests of the United States" in order to find agency action committed by law to agency discretion. There is no comparable language or intent in the forfeiture statutes at issue in this case. Additionally, the standards by which a court may judge agency action to be arbitrary and capricious where the agency either did not follow its own policies or neglected to formulate necessary policies are well established in case law.

**4.** Section § 881 provides that all conveyances which are used to transport controlled substances that have been manufactured, distributed, dispensed, or acquired in violation of the subchapter shall be subject to forfeiture. 21 U.S.C.A. § 881(a) (West Supp.1989). Section 782 provides that any vessel, vehicle, or aircraft which has been or is being used to transport any contraband article (including articles concealed upon the person in the conveyance) shall be seized and forfeited.

Mercedes automobile, and views the forfeiture as punishment for a crime of which he was eventually acquitted. Glenn contends that when his Mercedes was seized in 1986, policies may have existed in the Northern District of California regarding forfeiture enforcement for personal use quantities of illicit drugs. Information concerning these policies may reflect upon the appropriateness of government action in Glenn's case, and Glenn's contention is that, but for the dismissal of the criminal case against him, the government would not have pursued the forfeiture based on a personal use quantity of cocaine.

His contention may not be far-fetched. Controversy has arisen in recent years concerning the appropriateness of the government's pursuit of forfeiture actions based on *de minimis* amounts of controlled substances. The controversy centers on the distinction between *de minimis* quantities discovered as "sweepings," i.e., the residual evidence of previously transported larger drug quantities, and "personal use" quantities of drugs. Authorities stand firm that "sweepings" should serve as valid bases for forfeitures. 54 Fed.Reg. 37607–08 (1989). But concerns persist that forfeiture for personal use quantities do not serve the underlying purposes of the forfeiture laws.[5] Because of these concerns, it is quite possible that when Glenn's Mercedes was seized in 1986 there were agency guidelines in existence to assist government personnel in determining which forfeiture actions should be pursued and which should be dropped.

■ To prevail on his claim that the agency impermissibly departed from its own policy in seizing his property, Glenn must establish that the policy in question had the force and effect of law, i.e., that the policy "(1) prescribe[d] substantive rules—*not* interpretive rules, general statements of policy or rules of agency organization, procedure or practice—and, (2) conform[ed] to certain procedural requirements." *Rank v. Nimmo*, 677 F.2d 692, 698 (9th Cir.), *cert. denied*, 459 U.S. 907, 103 S.Ct. 210, 74 L.Ed.2d 168 (1982) (emphasis in original). As we explained in *Rank*, the second requirement means that the agency policy must have been promulgated "pursuant to a specific statutory grant of authority," so that a policy that was "neither published in the Federal Register nor disseminated to the public for scrutiny and comment" will not have the force and effect of law. *Id.* An agency policy that can only be unearthed by discovery of the agency's internal workings cannot be a policy that was disseminated to the public. Consequently, no policy that Glenn might find through discovery would have the force and effect of law.

■ Glenn's argument that he is entitled to discovery to prove that the government had *no policy* regarding forfeitures for casual drug use is also without merit. The government was not required to have such a policy. "[T]he choice made between proceeding by general rule or by individual,

---

5. In recent years, these concerns have led to legislation and the promulgation of agency rules providing for special procedures in the cases of forfeitures based on personal use quantities. Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, § 6079, 102 Stat. 4206, 4325–26 (1988); Department of Justice, Drug Enforcement Administration, Final Rule Concerning Expedited Forfeiture Procedures for Certain Property, 54 Fed. Reg. 37605 (1989) (to be codified at 21 C.F.R. § 1316); Department of Treasury, U.S. Customs Service, Final Rule Concerning Seizure of Property for Possession of Controlled Substances, 54 Fed.Reg. 37000 (1989) (to be codified at 19 C.F.R. §§ 162, 171); Department of Transportation, Coast Guard, DOT, Final Rule Concerning Summons in Lieu of Seizure of Commercial Fishing Industry Vessels, 54 Fed.Reg. 37613 (1989) (to be codified at 33 C.F.R. § 1).

Distinction among the various purposes of illicit controlled substance possession has always been an issue in drug enforcement, even before this particular controversy. "The quantity of a drug found in the possession of a person, of course, bears upon the question of whether or not his possession is for his own use, or is for the purpose of illicit transactions involving others, for which much more severe penalties are provided." H.R.Rep. No. 1444, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.Code Cong. & Admin.News 4566, 4577. This House Report concerns Public Law 91–513, the Comprehensive Drug Abuse Prevention and Control Act of 1970. Section 511 of the Act was codified as 21 U.S.C. § 881, one of the forfeiture statutes under which Glenn's car was seized.

*ad hoc* litigation is one that lies primarily in the informed discretion of the administrative agency." *NLRB v. Bell Aerospace Co.,* 416 U.S. 267, 293, 94 S.Ct. 1757, 1771, 40 L.Ed.2d 134 (1974) (quoting *SEC v. Chenery Corp.,* 332 U.S. 194, 203, 67 S.Ct. 1575, 1580, 91 L.Ed.2d 1995 (1947)). Thus, Glenn would not have benefitted from discovery proving the absence of a policy regarding forfeitures for personal use quantities.

Because discovery could not have established that the government acted arbitrarily and capriciously in violation of the APA, either by deviating from, or failing to have, a policy with respect to forfeitures for personal use quantities; and because Glenn failed to produce evidence of improper government motivation sufficient to justify discovery in his vindictive prosecution claim, we AFFIRM the district court's grant of summary judgment in favor of the government.

AFFIRMED.