959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Blair K. BELCHER, Defendant-Appellant.
 No. 91-10369.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1992.
Decided March 24, 1992.
 
 Before REINHARDT, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Blair K. Belcher appeals the denial of his motion for discovery to support a claim of selective/vindictive prosecution arising from his prosecution for escape from a halfway house. Belcher contends that he made a showing sufficient to discover records of others who have previously escaped but were not prosecuted. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 STANDARD OF REVIEW
 
 3
 There is a split in this circuit over whether the standard of review in a selective prosecution claim is abuse of discretion or clear error. United States v. Aguilar, 883 F.2d 662, 705 (9th Cir.1989), cert. denied, 111 S.Ct. 751 (1991). The standard of review in a vindictive prosecution case is also unsettled. People of Territory of Guam v. Fegurgur, 800 F.2d 1470, 1472 (9th Cir.1986), cert. denied, 480 U.S. 932 (1987); United States v. Gann, 732 F.2d 714, 724 (9th Cir.), cert. denied, 469 U.S. 1034 (1984) (citing cases applying the "abuse of discretion" and the "clearly erroneous" standards). The de novo standard was applied in United States v. Martinez, 785 F.2d 663, 666 (9th Cir.1986). We would reach the same result in this case under any of the stated standards of review.
 
 DISCUSSION
 
 4
 To assert the defense of selective or vindictive prosecution,[1] the defendant must establish two elements: (1) that others similarly situated have not been prosecuted; and, (2) that the allegedly discriminatory prosecution was based on an impermissible motive. Seven Star, Inc. v. United States, 933 F.2d 791, 793 (9th Cir.1991); United States v. One 1985 Mercedes, 917 F.2d 415, 420 (9th Cir.1990). The defendant may obtain discovery from the government to support this defense if he establishes a prima facie showing of a likelihood of vindictiveness by some evidence tending to show the elements of the defense. One 1985 Mercedes, 917 F.2d at 421.
 
 
 5
 Belcher failed to make a prima facie showing of the first element of the defense.
 
 
 6
 Belcher did not present any evidence that others similarly situated have generally not been prosecuted for walking away from halfway houses. Belcher "must demonstrate as a prerequisite to an evidentiary hearing that similarly situated persons 'are generally not prosecuted for the same conduct.' " United States v. Aguilar, 883 F.2d 662, 706 (9th Cir.1989) (quoting United States v. Wilson, 629 F.2d 500, 503 (9th Cir.1981)). Belcher's bare assertion that he knew of two other halfway house inmates who escaped but were not prosecuted was insufficient to warrant discovery. Id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 There is little substantive difference between selective prosecution and vindictive prosecution. United States v. Wilson, 639 F.2d 500, 502 (9th Cir.1981). Vindictive prosecution arises where the government increases the severity of alleged charges in response to a defendant's exercise of his rights. Id. Selective prosecution challenges arise when a defendant alleges that he is being prosecuted initially for having exercised his rights. Id. The interests involved are the same as in vindictive prosecution, i.e., the defendant seeks protection from criminal prosecution initiated punitively because of the exercise of his rights. Id
 Because Belcher does not assert that the government increased his charges, but instead suggests that he was prosecuted for having vindicated his civil rights in a prior action, he technically asserts a claim for selective prosecution.