968 F.2d 1222
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY 513 FERRERO LANE; Defendant,
Gilbert RAMIREZ, Claimant-Appellant.
 No. 91-56001.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1992.*
Decided July 15, 1992.
 
 Appeal from the United States District Court for the Central District of California; No. CV-89-3571-KN, David V. Kenyon, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: FLETCHER, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Ramirez was the owner-claimant in the civil forfeiture proceeding below. Acting pro se on this appeal, appellant raises two issues challenging the forfeiture to the United States of the defendant real property, which we address in turn.
 
 
 3
 * Appellant contends that the district court violated due process in permitting the government to wait two and one-half years following his conviction to proceed with forfeiture, and to give no notice of the impending forfeiture to appellant during such period. Marijuana was seized from the defendant real property on April 14, 1989. Ramirez pleaded guilty to possession with the intent to distribute cocaine, and judgment of conviction was entered on September 11, 1989. Meanwhile, on June 13, 1989, the government filed its complaint in this forfeiture action. Ramirez' counsel answered such complaint on July 12, 1989. A jury trial in this civil forfeiture action was conducted on July 9-12, 1991, and a judgment of forfeiture was entered by the court on July 25, 1991. Given this chronology, we see no basis in fact for appellant's claim of a two and one-half year delay, nor in his claim that he lacked notice for such a period.
 
 II
 
 4
 Appellant also argues that this civil forfeiture proceeding is invalid because the government failed to state that it would seek forfeiture in its indictment of appellant, and because forfeiture was not included in his criminal sentence. There is nothing in the record to indicate that appellant raised this issue below.
 
 
 5
 In any event, this civil forfeiture suit brought pursuant to 21 U.S.C. § 881 stands independent of appellant's criminal case. We have described forfeiture actions under 21 U.S.C. § 881 as
 
 
 6
 in rem proceedings in which the "guilt" at issue is the "guilt" of the property seized....
 
 
 7
 The owner-claimant is neither defendant nor plaintiff, but an intervenor who seeks to defend his or her right to the property against the government's claim. Indeed, the guilt or innocence of the owner-claimant is largely irrelevant. The owner-claimant thus stands in an essentially civil litigation position in the civil forfeiture proceeding.
 
 
 8
 United States v. One 1985 Mercedes, 917 F.2d 415, 419 (9th Cir.1990) (citations omitted). Accordingly, we can conceive of no reason why forfeiture would need to be mentioned in appellant's indictment, or why the judgment of forfeiture would need to be included in appellant's criminal sentence.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3