24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY LOCATED AT 597 WENDY DRIVE, NEWBURY PARK,
CALIFORNIA, Defendant,
Ray Burnett; Barbara Burnett, Claimants-Appellants.
 No. 93-55870.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 18, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Claimant's Ray and Barbara Burnett appeal pro se the district court's grant of summary judgment ordering forfeiture of their home for its alleged use in a drug offense under 21 U.S.C. Sec. 881(a)(7). Claimants contend that the government failed to establish probable cause for the institution of forfeiture proceedings. We have jurisdiction under 21 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 * Background
 
 
 4
 Having received information from confidential informants that the defendant property was being used to store and sell cocaine, state law enforcement agents obtained a search warrant. On December 11, 1987, the state agents executed the search warrant and located cocaine and paraphernalia associated with the sale of cocaine at the defendant property. The state charged claimants with possession of cocaine for sale.
 
 
 5
 On September 16, 1988, claimants unsuccessfully sought to suppress evidence obtained during the December 11, 1987 search. Ray Burnett pleaded guilty to possession of cocaine for sale while reserving his right to appeal the motion to suppress evidence. Barbara Burnett elected to go to trial. At her trial in February 1989, Barbara testified that she knew that Ray was using cocaine and selling cocaine from their residence. Ray testified that he had used cocaine since the summer of 1986, but he refused to answer whether or not he sold cocaine. The jury found Barbara guilty of possessing cocaine for sale.
 
 
 6
 On appeal, the California Court of Appeal held that the affidavit supporting the search warrant failed to establish probable cause and that the search violated the Fourth Amendment. The Court of Appeal directed the trial court to suppress all evidence seized as a result of the unlawful search.
 
 
 7
 In the instant forfeiture action, the government relied solely upon claimants' trial testimony to establish probable cause that the defendant property was used to facilitate the sale of cocaine.
 
 II
 Discussion
 
 8
 We review de novo the district court's grant of summary judgment. United States v. One 1985 Mercedes, 917 F.2d 415, 418 (9th Cir.1990). We also review a district court's forfeiture probable cause determination de novo. United States v. $191,910.00 U.S. Currency, 16 F.3d 1051, 1071 n. 43 (9th Cir.1994).
 
 
 9
 The government brought this action under 21 U.S.C. Sec. 881(a)(7), which authorizes it to initiate in rem actions against real property used to facilitate the commission of drug offenses. To succeed in its forfeiture action, the government must have probable cause that the subject property was used or intended to be used in connection with a drug offense. See United States v. 1 Parcel of Real Property, Lot 4, Block 5 of Eaton Acres, 904 F.2d 487, 490 (9th Cir.1990) (Lot 4). The standard of probable cause to support forfeiture is similar to that required to obtain a search warrant. United States v. One 56-Foot Motor Yacht Named Tahuna, 702 F.2d 1276, 1281 (9th Cir.1983). Because probable cause to forfeit must exist when the government institutes forfeiture proceedings, Lot 4, 904 F.2d at 490-91 n. 2 (applying 19 U.S.C. Sec. 1615 to an in rem proceeding under 21 U.S.C. Sec. 881(a)(7)), the government may not rely upon evidence obtained after it filed the complaint for forfeiture in order to establish probable cause. See $191,910.00 U.S. Currency, 16 F.3d at 1071.
 
 
 10
 The sole basis for the district court's probable cause determination consisted of claimants' February 1989 trial testimony, evidence acquired after the government filed its forfeiture complaint. Under $191,910.00 U.S. Currency, the government may not rely upon this evidence to establish probable cause. Thus, the district court erred by granting summary judgment in the government's favor. See id.
 
 
 11
 Accordingly, we VACATE and REMAND for proceedings consistent with this memorandum.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3