**Jose ABITO, Plaintiff–Counter Defendant–Appellant,**

v.

**UNITED AIRLINES, INC., a corporation, Defendant–Counter Plaintiff–Appellee.**

No. 00–15912.
D.C. No. 99–00085–SC.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

Before O'SCANNLAIN, SILVERMAN and GOULD, Circuit Judges.

MEMORANDUM **

Jose Abito ("Abito") appeals pro se the district court's summary judgment in favor

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of United Airlines, Inc. ("United") in Abito's action alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e—2000e–17. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's entry of summary judgment de novo. *DeGrassi v. City of Glendora,* 207 F.3d 636, 641 (9th Cir.2000). The district court properly granted summary judgment on Abito's Title VII claims because, even assuming that Abito established a prima facie case, he did not provide specific and substantial evidence that United's proffered reason for his termination—poor work performance—was pretextual. *See Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 892 (9th Cir.1994).

The district court did not abuse its discretion in denying Abito's Rule 56(f) motion because Abito did not demonstrate that additional discovery would preclude summary judgment and why he could not "immediately provide 'specific facts' demonstrating a genuine issue of material fact." *United States v. One 1985 Mercedes,* 917 F.2d 415, 418 (9th Cir.1990); *see also Terrell v. Brewer,* 935 F.2d 1015, 1018 (9th Cir.1991).

AFFIRMED.