Terrance Y. YOSHIKAWA, Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION, Respondent.

No. 03–74297.

SEC No. 3–11000.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 11, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Yoshikawa's request for oral argument.

Terrance Y. Yoshikawa, Seattle, WA, pro se.

Susan K. Straus, SEC–Securities & Exchange Commission, Washington, DC, for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM**

Terrance Y. Yoshikawa petitions pro se for review of the Securities and Exchange Commission's ("SEC") order affirming a disciplinary decision against him by the National Association of Securities Dealers, Inc. ("NASD") for violating NASD Conduct Rules 3370 and 2110. We have jurisdiction under 15 U.S.C. § 78y(a)(1). We review the SEC's factual findings for substantial evidence, and we defer to the SEC's construction of the NASD rules. *Alderman v. SEC,* 104 F.3d 285, 288 (9th Cir.1997). We deny the petition.

Contrary to Yoshikawa's contention, the SEC properly concluded that the plain language of NASD Conduct Rule 3370(b)(2)(B) required a NASD member to make an "affirmative determination"

regarding a proposed short sale before engaging in that sale. Furthermore, substantial evidence supports the SEC's factual finding that Yoshikawa did not effect the requisite "affirmative determination" before engaging in the disputed short sales. Finally, the SEC properly rejected Yoshikawa's argument that he was not liable for violating NASD Conduct Rule 3370 because others in the industry engaged in this same conduct. *Cf. United States v. One 1985 Mercedes,* 917 F.2d 415, 421 (9th Cir.1990) ("The fact that not all criminals are prosecuted is no valid defense to the one prosecuted ...."). Accordingly, the SEC properly concluded that Yoshikawa had also violated NASD Conduct Rule 2110, which requires a NASD member "in the conduct of his business, [to] observe high standards of commercial honor and just and equitable principles of trade."

Yoshikawa's contention that the NASD selectively prosecuted him lacks merit. *See Akland v. CIR,* 767 F.2d 618, 622 (9th Cir.1985) (rejecting defendant taxpayers' selective prosecution claim because they failed to show discriminatory effect and discriminatory intent).

We decline to address Yoshikawa's challenge to the SEC's ruling that Ko Securities, Inc. had violated SEC Rule 17a–3 and NASD Conduct Rule 2110 because Ko Securities, Inc. was dismissed by this court by order filed February 20, 2004 because it was not represented by counsel.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.