CNA INSURANCE COMPANY,
Plaintiff,

v.

Craig LIGHTLE, Defendant.

No. A04234CVJWS.

United States District Court,
D. Alaska.

April 4, 2005.

## ORDER FROM CHAMBERS

### [Re: Motions at Docket 10, 11, 12]

SEDWICK, District Judge.

### I.  MOTIONS PRESENTED

At docket 10, CNA Insurance Company ("CNA") moves for summary judgment on its complaint against Craig Lightle.  At docket 11, Lightle opposes the motion and moves to continue consideration of the motion so that discovery may be had, a request opposed by CNA.  At docket 12, Lightle moves to join Roy L. Longacre as a party.  CNA opposes that motion.  Oral argument was not requested on any of the motions, and it would not assist the court.

### II.  FACTS

With one exception discussed below, the facts set forth here are those alleged in CNA's complaint,[1] which were admitted by Lightle in his answer[2], and those alleged in Lightle's counterclaim,[3] which CNA admitted in its answer to the counterclaim.[4] Neither party filed any affidavit in connection with the motion for summary judgment, so there is no other source of facts to be considered.[5]

In 1999, Arlene Seeley filed a complaint against Lightle with the Alaska Real Estate Commission ("Commission").  Eventually, a hearing officer found that Lightle had intentionally withheld information from Seeley and awarded her $1,200 plus

---

1.  Doc. 1.

2.  Doc. 3 at pp. 1–3.  Lightle's answer purports to respond to an "amended complaint."  However, there is no amended complaint.  That, coupled with the fact that subjects identified in Lightle's answer as being contained in specified paragraphs of the "amended complaint" are always found in the specified paragraphs of CNA's complaint, demonstrates that the reference to an "amended complaint" is merely inattentive drafting by Lightle's lawyer.

3.  Doc. 3 at pp. 4–7.

4.  Doc. 5.

5.  It should also be noted that there is no affidavit to authenticate the exhibits attached to CNA's motion at docket 10, so, unlike the exhibits attached to and identified in paragraphs of CNA's complaint which were actually admitted by Lightly, the court cannot properly consider the exhibits which accompanied the motion.

costs in the amount of $4,000, and recommended that Lightle's real estate license be suspended. The Commission adopted the hearing officer's recommendations. The $1,200 award was reduced to $700, but the Commission's decision was otherwise upheld on appeal by the Alaska Superior Court.

While Lightle was appealing the Commission's decision, he also filed a complaint in Alaska Superior Court against the State of Alaska, the Commission, and individuals associated with the proceeding before the Commission. Kurt Hansmeier, a fellow Realty Executives employee, joined him as a plaintiff in that action. Lightle and Hansmeier sought to vacate the Commission's decision and recover damages.

During the proceedings before the Commission, in the appeal to Alaska Superior Court, and in the action against the State of Alaska and others, Lightle was represented by Roy L. Longacre. Longacre's fees for representing Lightle exceed $80,000. While Lightle alleges that CNA paid approximately $30,000 of those fees,[6] CNA denies that allegation,[7] but in its motion for summary judgment CNA does explicitly concede that it "has already paid more than $5,000 in costs and [attorney's] fees to date."[8]

Lightle is an insured under the terms of an insurance policy which CNA issued to Realty Executives. Of significance to the case at bar, that policy provided that CNA would:

> pay up to $5,000 to the "Insured" for attorney fees and other reasonable costs, expenses or fees resulting from the investigation or defense of a proceeding before the real estate licensing board . . . arising out of a negligent act

or omission in the rendering of "professional real estate services" by the "Insured." In no event shall the amount payable hereunder exceed $5,000.00 despite the number of Insureds hereunder or the number of such proceedings.[9]

In its complaint, CNA requests an order declaring that the policy does not obligate it to 1) pay more than $5,000 worth of attorney's fees and costs associated with defending Lightle before the Commission or 2) defend or indemnify Lightle or Hansmeier in the civil action they filed against the State of Alaska and others.[10]

The court has jurisdiction under 28 U.S.C. § 1332(a)(1) because CNA and Lightle are of diverse citizenship and the amount in controversy exceeds $75,000.

## III. STANDARDS OF REVIEW

### A. Request to Continue Motion for Summary Judgment

Lightle's request to continue consideration of the motion for summary judgment pending completion of additional discovery is governed by Rule 56(f) of the Federal Rule of Civil Procedure. The rule provides as follows:

> Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

---

6. Doc. 3 at 5.

7. Doc. 5 at 2.

8. Doc. 10 at 8.

9. Doc. 1, ex. B at 8.

10. *Id.* at 6.

As explained by the Ninth Circuit: "To prevail under this Rule, parties opposing summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.' " [11] Furthermore, the circuit court has instructed that the party seeking discovery bears the burden of providing facts sufficient to demonstrate that the evidence sought exists and that it would foreclose summary judgment.[12] "Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." [13]

## B. Summary Judgment Motion

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted when there is no genuine dispute about material facts and when the moving party is entitled to judgment as a matter of law. The moving party has the burden to show that material facts are not genuinely disputed.[14] To meet this burden, the moving party must point out the lack of evidence supporting the nonmoving party's claim, but need not produce evidence negating that claim.[15] Once the moving party meets its burden, the nonmoving party must demonstrate that a genuine issue exists by presenting evidence indicating that certain facts are so disputed that a fact-finder must resolve the dispute at trial.[16] The court must not assess the credibility of this evidence, and must draw all justifiable inferences from it in favor of the nonmoving party.[17]

## C. Motion to Join Longacre

Under Federal Rule of Civil Procedure 19(a), the court shall join someone as a party to the action:

> if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Even if those criteria are met, joinder is appropriate only if the person may be served with process and, if joined, would not deprive the court of subject matter jurisdiction.[18]

**11.** *Teamsters Local Nos. 175 & 505 Pension Fund v. Chlorox Company*, 353 F.3d 1125 1129 (9th Cir.2004) quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir.1986). *See also United States v. One Mercedes*, 917 F.2d 415, 418 (9th Cir.1990); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523–24 (9th Cir.1989); and *Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306 n. 1 (9th Cir. 1986). However, the Ninth Circuit has applied a far less demanding standard in a case where the party seeking discovery was an incarcerated *pro se* litigant. *Jones v. Blanas*, 393 F.3d 918 (9th Cir.2004)

**12.** *Teamsters Local Nos. 175 & 505*, 353 F.3d at 1129–30; *Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir.2001).

**13.** *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir.1986).

**14.** *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**15.** *Id.* at 325, 106 S.Ct. 2548.

**16.** *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**17.** *Id.* at 255, 106 S.Ct. 2505.

**18.** Fed. R. Civ. P. 19(a).

## IV. DISCUSSION

### A. Motion To Continue

■ Lightle's request to continue consideration of the motion for summary judgment is unsupported by an affidavit, although an affidavit is required by Rule 56(f). Moreover, even in the unverified memorandum filed by his lawyer, there is no specific identification of relevant evidence which, when available, would foreclose summary judgment—requirements established by controlling precedent. In place of an affidavit and such specific information, Lightle's lawyer merely muses that the facts upon which CNA relies are not adequately established. If so, the remedy is to deny CNA's motion for summary judgment, not to postpone consideration of the motion while Lightle pursues discovery. The request at docket 11 must be denied.

### B. Summary Judgment Motion

■ The court will apply the choice-of-law rules of the forum state to decide what law governs the insurance policy CNA issued to Realty Executives.[19] Alaska is the forum state. Alaska courts apply the choice-of-law rules set forth in the Restatement (Second) of Conflict of Laws.[20] Those rules provide that in the absence of a choice-of-law clause in a contract, it will be construed according to the law of the state with the most significant relationship to the transaction and the parties.[21] To determine what state has the most significant relationship, the court will consider where the contract was entered, negotiated, and performed; where its subject matter is located; and where the parties are domiciled or incorporated.[22]

■ After considering those factors, the court concludes that Alaska law applies to the policy CNA issued to Realty Executives. Although it is not known where the parties entered or negotiated the policy, Alaska is where the policy is to be performed, where its subject matter is located, and where Realty Executives is incorporated. Those contacts with Alaska require that the court interpret the policy under Alaska law.

■ In Alaska, interpreting an insurance policy "is a matter for the court, unless its interpretation is dependent upon the resolution of controverted facts."[23] When interpreting an insurance policy, the court's goal is to enforce the "objectively reasonable expectations of ... intended beneficiaries regarding the [policy's] terms ...."[24] Those expectations are determined by "looking to (1) the language of the disputed provisions in the policy, (2) other provisions in the policy, (3) extrinsic evidence, and (4) case law interpreting similar provisions."[25] If the policy contains ambiguous terms, they are construed against the insurer.[26] Terms are ambigu-

---

19. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

20. *Savage Arms, Inc. v. W. Auto Supply Co.,* 18 P.3d 49, 53 (Alaska 2001).

21. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188(1)-(2) (1971).

22. *Id.* § 188(2)(a)-(e).

23. *Whispering Creek v. Alaska Nat. Ins. Co.,* 774 P.2d 176, 177 (Alaska 1989) (quoting *Hale v. Fireman's Fund Ins. Co.,* 731 P.2d 577, 579 (Alaska 1987)).

24. *Allstate Ins. Co. v. Teel,* 100 P.3d 2, 4 (Alaska 2004) (citing *C.P. ex rel. M.L. v. Allstate Ins. Co.,* 996 P.2d 1216, 1222 (Alaska 2000) (quoting *Bering Strait Sch. Dist. v. RLI Ins. Co.,* 873 P.2d 1292, 1295 (Alaska 1994)).

25. *Id.* (citing *Bering Strait,* 873 P.2d at 1295).

26. *Starry v. Horace Mann Ins. Co.,* 649 P.2d 937, 939 (Alaska 1982) (citing *Puritan Life Ins. Co. v. Guess,* 598 P.2d 900, 904 (Alaska 1979)).

ous if they are "reasonably subject to differing interpretations."[27]

■■ A party may waive its rights under an insurance policy if its conduct clearly demonstrates an intent to waive its rights, or if it neglects to enforce its rights and that neglect prejudices another party.[28] A party waives its rights by neglecting to enforce them if its neglect "would convey a message to a reasonable person that [the party] would not in the future pursue the legal right[s] in question."[29]

### 1. $5,000 Limit Re: Seeley Claim

■ CNA has not established that it is entitled to summary judgment as a matter of law on its request for a declaration that it is not required to pay more than $5,000 worth of attorney's fees and costs associated with Lightle's defense of Seeley's claim, because a genuine issue of fact exists about whether it waived its right to rely on the $5,000 limit. CNA concedes that it paid more than $5,000 to Longacre for Lightle's defense, but provides no details explaining why or under what circumstances it did so. Furthermore, CNA admits that Longacre's charges were in excess of $80,000.[30] Drawing all reasonable inferences from these admitted facts in favor of the non-moving party, under the substantive law of Alaska a reasonable finder of fact could conclude that CNA waived its ability to enforce the $5,000 limit.

### 2. Civil Suit Against the State of Alaska and Others

In addition to seeking to enforce the $5,000 limit on expenses associated with Lightle's defense before the Commission, CNA seeks a declaration that CNA "does not have a duty to defend or indemnify Mr. Lightle or Mr. Hansmeier in the civil lawsuit that they filed against the State of Alaska" and others.[31] With respect to any claim which Lightle might bring on this topic, CNA's position obviously has merit; in his answer, Lightle admits that litigation is not covered by the insurance policy.[32] Of course, the court cannot rule with respect to Mr. Hansmeier, because he is not a party. To eliminate ambiguity on its docket, the court will *sua sponte* strike the request for relief against Mr. Hansmeir from CNA's complaint.[33]

### C. Motion to Join Longacre

A motion to join a party under Rule 19(a) is to be decided on the basis of the pleadings before the court at the time the motion to join is filed.[34] When Lightle filed his motion to join Longacre, there was an allegation in his answer that Lightle contracted to assign to Longacre his rights under the policy CNA issued to Realty Executives.[35] That allegation indi-

**27.** *U.S. Fire Ins. Co. v. Colver,* 600 P.2d 1, 3 (Alaska 1979) (quoting *Modern Constr., Inc. v. Barce, Inc.,* 556 P.2d 528, 529 (Alaska 1976)).

**28.** *Powers v. United Servs. Auto Ass'n,* 6 P.3d 294, 299 (Alaska 2000) (quoting *Airoulofski v. State,* 922 P.2d 889, 894 (Alaska 1996)).

**29.** *Id.*

**30.** Doc. 1 at ¶ 3.

**31.** Doc. 1 at 6.

**32.** Paragraph 17 of CNA's complaint allege that the lawsuit does not fall within any term

of coverage under the CNA policy, and this allegation is admitted in paragraph 8 of Lightle's answer.

**33.** A court may upon its own initiative strike immaterial matter from a pleading. Fed. R.Civ.P. 12(f).

**34.** *Associated Dry Goods Corp. v. Towers Fin. Corp.,* 920 F.2d 1121, 1124 (2d Cir.1990) (citations omitted).

**35.** Doc. 3 at p. 3, Fourth Defense.

cates that Longacre has an interest in this action's subject matter, which as a practical matter might be impaired or impeded when this case is decided. However, the answer also pleads a counterclaim by Lightle against CNA in which Lightle takes the position that he retains the right to enforce the insurance policy. Perhaps the alleged assignment of rights from Lightle to Longacre was not a complete assignment, but with no evidence of what actually was assigned, the situation is at best murky. Of course, Longacre is subject to service, and his joinder will not deprive the court of jurisdiction, so ordinarily the court would be required to order that he be joined as a party.[36] Given the ambiguity in Lightle's answer, the court will grant the motion conditioned on Lightle's filing an affidavit or declaration attesting to the assignment if it was oral or verified copies of the assignment contract if it was in writing within ten business days from the date of this order. If such evidence is filed, then Lightle will have five business days from the date it is filed to serve Longacre with papers appropriate to his joinder.

### V. CONCLUSION

For the reasons set out above:

(1) The motion at docket 10, is **GRANTED** with respect to the request to declare that the CNA policy does not create a duty to defend or indemnify Craig Lightle with respect to the case of *Kurt Hansmeier and Craig Lightle v. State of Alaska, et al.*, Case No. 3AN–01–06224 Cl in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, but the motion at docket 10 is **DENIED** in all other respects;

(2) the motion at docket 11 is **DENIED**;

(3) the motion at docket 12 is **GRANTED on CONDITION** that within ten business days from the date of this order, Lightle shall file an affidavit or declaration, or properly authenticated assignment documents, and shall within five business days thereafter join Longacre as discussed in the text of this order, but if Lightle fails to timely discharge these responsibilities, then the motion at docket 12 will be deemed to have been **DENIED** without further action by the court; and

(4) **IT IS FURTHER ORDERED** that the words "or Mr. Hansmeier" are hereby **STRICKEN** from paragraph 2 of the demand for relief contained on page 6 of CNA's complaint at docket 1.

---

**36.** Fed.R.Civ.P. 19(a). However, the court acknowledges being skeptical about whether Lightle really did assign his rights under the policy to Longacre for two reasons: Longacre has been aware of this litigation for some time, but has made no attempt to intervene. Lightle offered no evidence to support his motion to join Longacre, instead relying exclusively on the allegation in his answer.