**Terrance Y. YOSHIKAWA, Petitioner,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

No. 05–75437.

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2007 *.

Filed July 25, 2007.

Michael D. Hunsinger, Esq., Hunsinger and Associates Sutkus & Kestle, Seattle, WA, for Petitioner.

Randall Quinn, Esq., Susan K. Straus, Esq., General Counsel, Securities & Exchange Commission, Washington, DC, for Respondent.

Before: FERNANDEZ and WARDLAW, Circuit Judges, and POLLAK,** District Judge.

## MEMORANDUM***

Terrance Y. Yoshikawa petitions for review of an order of the Securities and Exchange Commission, which sustained a sanction imposed upon him and Ko Securities, Inc. (hereafter collectively "Yoshikawa") by the National Association of Securities Dealers, Inc. (NASD) through its

** The Honorable Louis H. Pollak, Senior United States District Judge for the District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

National Adjudicatory Council (NAC). We deny the petition.

As relevant here, the sanction, which was imposed because Yoshikawa violated the NASD's rules regarding short sales,[1] consisted of a fine in the amount of Yoshikawa's gains from the violation. Upon review of the record, we cannot say that under the circumstances the SEC abused its discretion when it sustained the disgorgement sanction imposed by the NASD, which had the effect of depriving Yoshikawa of the ill-gotten gains. *See McNabb v. SEC*, 298 F.3d 1126, 1133 (9th Cir.2002); *Krull v. SEC*, 248 F.3d 907, 911–12, 915 (9th Cir.2001); *Hateley v. SEC*, 8 F.3d 653, 655 (9th Cir.1993); *In re Sweeney*, 50 S.E.C. 761, 768, (1991); *see also Saberi v. Commodity Futures Trading Comm'n*, 488 F.3d 1207, 1215 (9th Cir.2007). That being so, we must deny the petition.[2]

PETITION DENIED.

---

**1.** We have previously determined that the rules were, indeed, violated. *Yoshikawa v. SEC*, 122 Fed.Appx. 364 (9th Cir.2005).

**2.** Yoshikawa was not dealt with unfairly by an NAC "reversal" of its initial position regarding willfulness when the matter was remanded to it by the SEC because: (1) The NASD Sanction Guidelines do not appear to require a willfulness finding; (2) The NAC did not actually reverse its position—the remand by the SEC indicated that NAC had not yet de-

cided the issue; (3) As used in this area of the law, Yoshikawa's actions were willful. *See Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 774 (9th Cir. 1995).

